Of Counsel:

ROMAN AMAGUIN, ESQ. 6610-0
345 QUEEN STREET
Suite 504
Honolulu, Hawaii 96813

Telephone: (808) 545-4151
Facsimile: (888) 236-8984
Email: roman@amaguinlaw.com

Attorney for Plaintiff
KENNETH DAVIS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH DAVIS | ) CIV NO. _____ |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | ) COMPLAINT FOR DAMAGES; |
|    vs. | ) JURY TRIAL DEMAND; SUMMONS |
| | ) |
| | ) |
| LOWE'S HIW, INC.; JOHN | ) |
| DOES 1-10, AND DOE | ) |
| ENTITIES 1-10, | ) |
| | ) |
|    Defendants. | ) |
| | ) |
| _____ | ) |

**NATURE OF THE ACTION AND JURISDICTION**

Plaintiff KENNETH DAVIS (hereinafter referred to as "Plaintiff"), by and through his attorney, complains against the above-named Defendant, LOWE'S HIW, INC. ("LOWE'S" or the "Company"), and alleges and avers as follows:

## PARTIES

1.     Plaintiff was and is a citizen of Kailua-Kona, Hawaii and currently resides in Kailua-Kona, Hawaii.

2.     Defendant Lowe's HIW, Inc. ("Lowe's" or "Defendant") is a corporation incorporated under the law of the State of Washington.

3.     Defendant has its principal place of business in North Carolina.

4.     Defendant has hundreds of employees in the State of Hawaii and operates several of its stores throughout the State of Hawaii.

5.     Defendant is organized and exists under the laws of the State of Hawaii and has its main operation in Honolulu, Hawaii.

6.     Defendants JOHN DOES 1-10, JANE DOES 1-10, and DOE ENTITIES 1-10 (collectively "Doe Defendants") are being sued under fictitious names because, despite diligent and good faith efforts, their true names and identities are presently unknown to

2

Plaintiff, except that they are or were connected in some manner with the above-named Defendant and/or agents, principal partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, sublessors, guarantors, assignees, assignors, licensees, and/or licensors of the above-named Defendant, or in some manner presently unknown to Plaintiff, are or were engaged in the activities alleged and/or were in some manner responsible for the injuries and/or damage to Plaintiff and/or in some manner are or may be related to and jointly liable with the above-named Defendant.

## **JURISDICTION AND VENUE**

7.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.

8.    This civil action is between residents of different states and the amount in controversy.

9.    Plaintiff prays for special damages, back pay and future loss of earnings, compensatory damages, prejudgment interest, and punitive damages.

3

10.   Therefore, the matter in controversy, exclusive of interest and costs, exceeds $75,000.

11.   Venue is proper in the United States District Court for the District of Hawaii.  Defendant violated Plaintiff's rights under the law in the County of Hawaii located in the State of Hawaii. Defendant is established and conducts business in the State of Hawaii.

12.   The practices and/or acts and/or omissions alleged to be unlawful were committed within the jurisdiction of the United States District Court, District of Hawaii.

## STATEMENT OF CLAIMS

13.   Defendant hired Plaintiff in March 2012 as a Project Exteriors Specialist.

14.   Plaintiff worked at the Kailua-Kona Lowe's store where he performed his work in an exemplary manner.

15.   Plaintiff had no disciplinary problems throughout his employment.

15.   On or around December 4, 2012, Plaintiff injured his shoulder in a work-related accident.

16.   Plaintiff reported the injury to Defendant in a timely

manner.

17.   Plaintiff's injury was and has been found to be a compensable work injury.

18.   Plaintiff's injury was significant—it was diagnosed as a major full tear of the upper rotator cuff requiring double anchor reinforcement of the right shoulder.

19.   In the meantime Plaintiff continued to rehabilitate his shoulder and kept Defendant apprised and updated on his status.

20.   In or around the latter part of the week of May 20, 2013, Defendant asked Plaintiff to meet with Human Resources to discuss his return to work.

21.   At that time Plaintiff was awaiting results of medical tests performed on his injured shoulder, he still could not even use or raise his right arm, and his shoulder/arm was in constant pain.

22.   The next day, Plaintiff met with Human Resources ("HR") in Kailua-Kona.  The HR Manager, specifically "Michelle," ordered Plaintiff to return to work the next day to perform "installation" work in the office.

23.   Plaintiff described to Defendant the pain he was in, explained that the pain was chronic and intense, that he could not

perform the work requested, and therefore he requested that
Defendant wait until the test results on his shoulder returned for
further evaluation by his physician, before a decision was made on
his return date.

24.   Defendant was informed and aware at this time that the
pain caused by the injury was such that Plaintiff had to regularly
take pain medication.

25.   Defendant rejected both of Plaintiff's requests for
accommodation and that test results first be evaluated before a
decision was made on his return date.

26.   Defendant told Plaintiff after rejecting his requests that
he was no longer a "Project Exteriors Specialist," the position he
held prior to his work injury.  Defendant instructed him to return to
work the next work day at 8:00 a.m. to do typing, answer phones,
write and move installation inventory for for its return to the
manufacturer.

27.   Plaintiff stated that he could not physically perform those
duties, even if he tried to perform them with one hand/arm, that he
was on pain medication and that the pain was constant and
unbearable, even with the pain medication.

28.    Around the next day Defendant terminated Plaintiff's employment.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## Termination in Violation of Public Policy

29.    Plaintiff re-alleges and incorporates by reference as though fully contained herein, the allegations set forth in paragraphs 1 through 28, above.

30.    Defendant denied and terminated Plaintiff's employment after Plaintiff suffered a compensable work injury and filed a workers' compensation claim.

31.    The public policy exception to at-will employment prohibits an employer from discharging an employee if the discharge violates a clear mandate of public policy—here, Hawaii's workers' compensation statutes and the right of an employee to file a covered workers' compensation claim without fear of or experiencing retaliation due to engaging in the protected activity.

32.    As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer job insecurity, loss of earnings and benefits, humiliation, emotional distress, and mental and

physical anguish all to his damage in an amount to be proven at trial.

33.   Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living and therefore Plaintiff is also entitled to punitive and exemplary damages from Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

34.   Plaintiff is entitled to damages from Defendant.

35.   Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's rights; and, therefore Plaintiff is also entitled to punitive damages, to the extent permitted by law, and exemplary damages from Defendant.

36.   Plaintiff prays that the Court enjoin Defendant from continuing to subject Plaintiff to the illegal conduct set forth in this Complaint.

Wherefore, Plaintiff prays this Court grant judgment in his favor over and against Defendant and award damages to Plaintiff, including special damages, compensatory damages, attorneys' fees,

prejudgment interest, and to the extent permitted by law punitive damages in an amount deemed sufficient to punish Defendant for its actions; costs of this action; and such other and further relief as this Court may deem just and proper.

DATED:  Honolulu, Hawai`i, August 28, 2014.

/s/ Roman Amaguin

_____

ROMAN F. AMAGUIN
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH DAVIS | ) CIV NO. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) JURY TRIAL DEMAND |
| | ) |
| LOWE'S HIW, INC JOHN | ) |
| DOES 1-10, AND DOE | ) |
| ENTITIES 1-10, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## **JURY TRIAL DEMAND**

Plaintiff, by and through his undersigned counsel, hereby

demands a trial by jury as to all issues so triable herein.

DATED:  Honolulu, Hawaii, August 28, 2014

/s/ Roman Amaguin

_____

ROMAN F. AMAGUIN
Attorney for Plaintiff