IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH DAVIS, | ) Civ. No. 14-00385 ACK-BMK |
| Plaintiff, | ) |
| v. | ) |
| LOWE'S HIW, INC., now known as Lowe's Home Centers, LLC, | ) |
| Defendant. | ) |

**<u>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

For the following reasons, the Court GRANTS Defendant Lowe's Home Centers' Motion for Judgment on the Pleadings. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint. As discussed herein, the Court DENIES Plaintiff leave to amend to assert claims against Defendant for negligent or intentional infliction of emotional distress or for punitive damages. The Court GRANTS Plaintiff leave to amend to assert any other non-futile claims appropriate under Rule 11 of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**[1/]

This case involves a wrongful termination claim brought by Plaintiff Kenneth Davis against his former employer, Lowe's

---

[1/] The facts as recited in this Order are for the purpose of disposing of the current motion and are not to be construed as findings of fact that the parties may rely on in future proceedings.

HIW, Inc. ("Lowe's"). Plaintiff was hired by Lowe's in March 2012 to work as a Project Exteriors Specialist at the Kailua-Kona Lowe's store. (Compl. ¶ 13.) Plaintiff alleges that he had no disciplinary problems during his employment, but on or around December 4, 2012, Plaintiff seriously injured his shoulder in a work-related accident. (Id. ¶¶ 15, 18.) Plaintiff states that he reported the injury to Lowe's in a timely manner, and it was found to be a compensable work injury. (Id. ¶¶ 16-17.) Plaintiff states that he "kept [Lowe's] apprised and updated on his status" while he "rehabilitate[d]" his shoulder and sought treatment. (Id. ¶¶ 18-19.)

During the week of May 20, 2013, at the request of Lowe's, Plaintiff met with the Human Resources Manager at the Kailua-Kona store, Michelle, who "ordered Plaintiff to return to work the next day to perform 'installation' work in the office." (Id. ¶ 22.) Plaintiff explained to Michelle that he was in a great deal of pain, that he was on pain medication, and that he could not return to work. (Id. ¶¶ 23-24.) Plaintiff asked that a decision on his return date be delayed until he received the results of a further evaluation by his physician. (Id. ¶ 23.) Plaintiff alleges that Lowe's rejected this "request[] for accommodation," and told Plaintiff that he would no longer be able to work in his former role as a Project Exteriors Specialist. (Id. ¶ 25.) Plaintiff was instructed to return to

2

work at 8:00 a.m. the next day to "do typing, answer phones, write and move installation inventory[.]" (Id. ¶ 26.) Plaintiff stated that he could not perform those duties because he was in a great deal of pain and was on pain medication. The following day, Lowe's terminated Plaintiff's employment. (Id. ¶¶ 27-28.)

**PROCEDURAL BACKGROUND**

On August 28, 2014, Plaintiff filed his Complaint against Lowe's asserting a single cause of action for wrongful termination in violation of public policy. (Compl. (Doc. No. 1.) at ¶¶ 30-31.) Plaintiff seeks damages and injunctive relief. (Id. ¶¶ 34-36.)

On September 30, 2014, Lowe's filed its Answer, and on October 21, 2014, Lowe's filed an Amended Answer. (Doc. Nos. 8, 11.) On November 25, 2014, Lowe's filed the instant Motion for Judgment on the Pleadings. (Doc. No. 14.) Plaintiff filed his memorandum in opposition on January 26, 2015, (Doc. No. 17,) and Lowe's filed its reply on February 3, 2015. (Doc. No. 19.)

A hearing on the motion was held on February 17, 2015.

**STANDARD**

The standard for a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure is "functionally identical" to that governing a Rule 12(b)(6) motion. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Under Rule 12(c),

"[j]udgment on the pleadings is properly granted when, accepting all factual allegations as true, there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation marks and citation omitted).

On a motion for judgment on the pleadings, review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bokrath, 100 F.3d 1476, 1479 (9th Cir. 1996). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988.

To survive a motion for judgment on the pleadings, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (examining Rule 12(b)(6)) (internal quotation marks omitted). While a complaint need not have detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). "Naked assertions devoid of further factual enhancement" that suggest only a "mere possibility of misconduct" are not enough to state a claim for relief. Id. at 698. Additionally, "[t]hreadbare recitals of elements of a cause of action supported by mere conclusory statements" do not suffice. Id. at 679.

## **DISCUSSION**

In the instant motion, Lowe's seeks judgment as to Plaintiff's sole claim for termination in violation of public policy. Lowe's asserts that such a claim is barred because Hawaii law already provides a statutory remedy for terminating an employee solely because of a work-related injury.

In Parnar v. Americana Hotels, Inc., the Hawaii Supreme Court recognized an exception to the judicially created "employment at-will" doctrine, holding that "an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy." 652 P.2d 625, 631 (Haw. 1982). Subsequently, however, the Hawaii Supreme Court clarified that an

5

independent Parnar claim (for discharge in violation of public policy) cannot be maintained "where the public policy upon which the claim is based is embodied in a statute . . . that itself provides a sufficient remedy for its violation." Ross v. Stouffer Hotel Co. (Hawaii) Ltd., Inc., 879 P.2d 1037, 1047 (Haw. 1994).

In Ross, the plaintiff was terminated pursuant to a company policy prohibiting persons related by marriage from working in the same department. The employee sued his former employer asserting, *inter alia*, a claim that his discharge was in violation of the public policy prohibiting employment discrimination based on marital status. The Hawaii Supreme Court noted that Haw. Rev. Stat. § 378-2(1) expressly makes unlawful the discharge of an employee because of his or her marital status and, thus, the legislature had already provided the means for enforcing the public policy that the plaintiff sought to vindicate through his Parnar claim. Id. at 1047. Thus, because a legislative remedy was available, the Ross court upheld the grant of summary judgment against the plaintiff as to his Parnar claim. Id.

Here, the sole claim in Plaintiff's Complaint is one for wrongful discharge in violation of public policy based upon his alleged work-injury related discharge. (See Compl. ¶¶ 29-31.) Specifically, Plaintiff asserts that he injured his shoulder in a "work-related accident," that he reported the injury in a timely

independent Parnar claim (for discharge in violation of public policy) cannot be maintained "where the public policy upon which the claim is based is embodied in a statute . . . that itself provides a sufficient remedy for its violation." Ross v. Stouffer Hotel Co. (Hawaii) Ltd., Inc., 879 P.2d 1037, 1047 (Haw. 1994).

In Ross, the plaintiff was terminated pursuant to a company policy prohibiting persons related by marriage from working in the same department. The employee sued his former employer asserting, *inter alia*, a claim that his discharge was in violation of the public policy prohibiting employment discrimination based on marital status. The Hawaii Supreme Court noted that Haw. Rev. Stat. § 378-2(1) expressly makes unlawful the discharge of an employee because of his or her marital status and, thus, the legislature had already provided the means for enforcing the public policy that the plaintiff sought to vindicate through his Parnar claim. Id. at 1047. Thus, because a legislative remedy was available, the Ross court upheld the grant of summary judgment against the plaintiff as to his Parnar claim. Id.

Here, the sole claim in Plaintiff's Complaint is one for wrongful discharge in violation of public policy based upon his alleged work-injury related discharge. (See Compl. ¶¶ 29-31.) Specifically, Plaintiff asserts that he injured his shoulder in a "work-related accident," that he reported the injury in a timely

independent Parnar claim (for discharge in violation of public policy) cannot be maintained "where the public policy upon which the claim is based is embodied in a statute . . . that itself provides a sufficient remedy for its violation." Ross v. Stouffer Hotel Co. (Hawaii) Ltd., Inc., 879 P.2d 1037, 1047 (Haw. 1994).

In Ross, the plaintiff was terminated pursuant to a company policy prohibiting persons related by marriage from working in the same department. The employee sued his former employer asserting, *inter alia*, a claim that his discharge was in violation of the public policy prohibiting employment discrimination based on marital status. The Hawaii Supreme Court noted that Haw. Rev. Stat. § 378-2(1) expressly makes unlawful the discharge of an employee because of his or her marital status and, thus, the legislature had already provided the means for enforcing the public policy that the plaintiff sought to vindicate through his Parnar claim. Id. at 1047. Thus, because a legislative remedy was available, the Ross court upheld the grant of summary judgment against the plaintiff as to his Parnar claim. Id.

Here, the sole claim in Plaintiff's Complaint is one for wrongful discharge in violation of public policy based upon his alleged work-injury related discharge. (See Compl. ¶¶ 29-31.) Specifically, Plaintiff asserts that he injured his shoulder in a "work-related accident," that he reported the injury in a timely

manner to Lowe's, that the injury was found to be "a compensable work injury," and that Lowe's terminated his employment after he informed Human Resources that he was unable to work because of his injury. (Id. ¶¶ 15-17, 28.) Plaintiff claims that his discharge for a work-related injury violated public policy. The Hawaii legislature has, however, already provided a statutory remedy for such a claim.

Section 378-32 of the Hawaii Revised Statutes provides that it "shall be unlawful for any employer to suspend, discharge, or discriminate against any of the employer's employees . . . [s]olely because the employee has suffered a work injury which arose out of and in the course of the employee's employment . . . ." Haw. Rev. Stat. § 378-32; see also Haw. Rev. Stat. § 378-35 (providing remedies for a violation of § 378-32). Thus, the Hawaii legislature has already established a method by which Plaintiff may vindicate his asserted public policy interest. As such, under the reasoning of Ross, Plaintiff's Parnar claim cannot be maintained.

The Court notes that the Ross court established an exception to the general rule that a Parnar claim cannot lie where there is already a statutory remedy available. Specifically, the court stated that a Parnar claim may be brought where the legislative body specifically provides that a common law claim exists even though a statutory remedy is also in place.

Id. Here, as in Ross, however, no such provision has been made. There is no language in the relevant statutes suggesting a legislative intent to allow the common law Parnar claim to continue to exist in addition to the claim created by Haw. Rev. Stat. § 378-32.[2/]

Indeed, the Hawaii Intermediate Court of Appeals has ruled on this very issue, concluding that plaintiffs may not pursue claims for wrongful discharge in violation of public policy based upon a discharge for a work-related injury because the Hawaii legislature has already established a remedy for such discharges. See Takaki v. Allied Machinery Corp., 951 P.2d 507, 513 (Haw. App. 1998) ("[B]ecause the statutory provisions evidencing our public policy against discharges for compensable

---

[2/] Citing Villon v. Marriott Hotel Services, Inc., 306 P.3d 175 (Haw. 2013), Plaintiff attempts to argue that the Hawaii Supreme Court requires an express exclusivity provision before a Parnar claim may be deemed barred by the existence of a statutory remedy. (See Opp'n at 4-5.) Villon involved an analysis of whether a violation of one section of the Hawaii Revised Statutes (requiring hotels to remit to service employees the entire amount of service charges imposed on food and beverage service or disclose to consumers that they were not doing so) may be enforced through the remedies provided in a different section setting forth wage and compensation laws. In answering that question in the affirmative, the Villon court never addressed the entirely different issue of whether a common law Parnar claim is barred when a statutory remedy already exists. As discussed above, the relevant Hawaii Supreme Court authority on that particular issue is Ross, 879 P.2d at 1047. The Hawaii Supreme Court did not state in Ross, nor has it stated in any subsequent case, that a statute must contain an express exclusivity provision in order for it to bar a Parnar claim premised upon the same violation. Plaintiff's arguments otherwise are therefore unpersuasive.

work injuries provide a remedy for such discharges, Takaki's Parnar claim cannot be maintained.").

Plaintiff argues that this Court need not follow Takaki because the Intermediate Court of Appeals in that case failed to address whether the statutory provisions provided a "sufficient" remedy for discharges as a result of work-related injuries. (Opp'n at 5-8.) This argument is unpersuasive, however, as a careful reading of Ross makes clear that the Hawaii Supreme Court did not establish any requirement that a statutory remedy be "sufficient," as opposed to simply available. Quoting an earlier case decided by this district court, the Hawaii Supreme Court in Ross stated: "[i]f . . . the statutory or regulatory provisions which evidence the public policy themselves provide a remedy for wrongful discharge, provision of a *further* remedy under the public policy exception is unnecessary." 879 P.2d at 1047 (quoting Lapinad v. Pacific Oldsmobile-GMC, Inc., 679 F. Supp. 991, 993 (D. Haw. 1988)) (emphasis added). Thus, the Ross court made clear that, so long as some statutory remedy is available, any further remedy pursuant to a Parnar claim is unnecessary and, therefore, unavailable.

Indeed, the Hawaii Supreme Court in Ross expressly acknowledged that the relief available to Ross under Haw. Rev. Stat. § 378-2 was limited to equitable relief, but concluded that this limitation did not undermine the court's conclusion that,

9

because a statutory remedy was available, Ross could not bring a common law claim of discharge in violation of public policy. Id. The court stated: "While the addition of compensatory and punitive damages might enhance the enforcement of the policy against discrimination based on marital status, we do not believe that the available statutory remedies, which are quite broad in their own right, are insufficient to compensate Ross for his employment discrimination claim." Id. (citing Smith v. Chaney Brooks Realty, Inc., 865 P.2d 170, 174 (Haw. App. 1994) (finding no statutory bar to a Parnar claim where the statutory provision provided no remedy at all for an employee terminated in retaliation for seeking to enforce his rights under that statute)). Here, as was the case with Haw. Rev. Stat. § 378-2 in Ross, Haw. Rev. Stat. § 378-35 provides for equitable remedies such as reinstatement with or without back pay. Thus, just as the Court found in Ross and Takaki, the Court concludes that the available statutory remedy here is sufficient to vindicate the public policy Plaintiff seeks to enforce.

In sum, because the Hawaii legislature has already provided a statutory remedial scheme for the unlawful employment practice of which he complains, Plaintiff cannot bring his common law Parnar claim. As the Takaki court stated, section 378-32 of the Hawaii Revised Statutes already evidences a public policy against terminating an employee solely because of a work injury,

10

and section 378-35 provides a remedy for violations of that policy. Id. at 507; see also Cambron v. Starwood Vacation Ownership, Inc., 945 F. Supp. 2d 1177, 1141-42 (D. Haw. 2013) (citing Takaki and holding that the plaintiff could not bring a claim for termination in violation of public policy based upon his work-related injury because Haw. Rev. Stat. §§ 378-32 & 378-35 already provide a remedy for such a claim). The Court therefore GRANTS the Motion for Judgment on the Pleadings and DISMISSES Plaintiff's Complaint in its entirety.

**Leave to Amend**

The Court notes that Plaintiff seeks leave to amend his Complaint to assert claims of negligent or intentional infliction of emotional distress and punitive damages. (Opp'n at 11.) As Lowe's points out, however, any such amendment would be futile, as neither claim against Lowe's is permissible under Hawaii law.

With respect to negligent or intentional infliction of emotional distress, both of these claims against Lowe's are barred by the exclusivity provision of Hawaii's workers' compensation statutes. Specifically, Hawaii Revised Statutes section 386-5 states that the statutory remedies for a work injury suffered by an employee set forth therein "shall exclude all other liability of the employer to the employee[.]" Haw. Rev. Stat. § 386-5. Hawaii courts have consistently held that section 386-5 bars claims for negligent and intentional infliction of

emotional distress in the context employment suits, with only narrow exceptions,[3/] none of which apply here. See, e.g., Yang v. Abercrombie & Fitch Stores, 284 P.3d 946, 954-56 (Haw. Ct. App. 2012); Luzon v. Atlas Ins. Agency, Inc., 284 F. Supp. 2d 1261, 1263 (D. Haw. 2003). Likewise, as to a claim for punitive damages, Hawaii law does not establish an independent claim for punitive damages. See Ross, 879 P.2d at 1049 ("[A] claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action.")

Because any amendment of the Complaint to include claims against Lowe's for intentional or negligent infliction of emotional distress or punitive damages would be futile, the Court DENIES Plaintiff's request for leave to amend to assert those particular claims. See, e.g., Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

The Court nevertheless GRANTS Plaintiff leave to amend to the extent he seeks to assert any non-futile claims appropriate under Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant

---

[3/] The exceptions are limited to claims for infliction of emotional distress or invasion of privacy that arise from sexual harassment or sexual assault. See Haw. Rev. Stat. § 386-5.

Lowe's Home Centers' Motion for Judgment on the Pleadings. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint in its entirety. The Court DENIES Plaintiff leave to amend to assert claims against Lowe's for negligent or intentional infliction of emotional distress or for punitive damages. The Court GRANTS Plaintiff leave to amend to assert any other non-futile claims appropriate under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff must file any amended complaint within thirty days of the issuance of this Order or judgment will be entered against him and this action will be closed.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, February 17, 2015

_____
Alan C. Kay
Senior United States District Judge

Davis v. Lowe's, Civ. No. 14-00385 ACK BMK, Order Granting Defendant's Motion for Judgment on the Pleadings.